FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 06 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

UNITED STATES OF AMERICA for the use and benefit of OLEK, INC., and OLEK, INC.,

Plaintiffs,

-against-

NICHOLSON & GALLOWAY, INC., and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

Defendants.

----------------------------------------x

Docket No.: CV 11 - 2702

COMPLAINT

JOHNSON, J.

POLLAK, M.J.

Plaintiffs, UNITED STATES OF AMERICA for the use and benefit of OLEK, INC., and OLEK, INC., by their attorneys, Schwartz & Greenberg, and for their Complaint against the Defendants herein, respectfully allege the following:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred on this Court by Title 28, United States Code section 1331 and Title 40, United States Code section 3133 (The "Miller Act").

2. Moreover, jurisdiction is conferred on this Court by Title 28, United States Code section 1332 in that the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different States.

3. Venue is proper in this District in that a substantial part of the contract was to be performed and executed within this District, and both Defendants transact business within the District.

**THE PARTIES**

4. Plaintiff, OLEK, INC. at all times relevant hereto, was and still is a corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal corporate office located in Newark, New Jersey. Said Plaintiff transacts business under the trade name OLEK LEJBZON & CO.

5. Upon information and belief, Defendant, NICHOLSON & GALLOWAY, INC. (hereinafter referred to as "N & G"), at all times relevant hereto was and still is a corporation organized and existing under and by virtue of the laws of the State of New York, with its principal corporate office located in Glen Head, Nassau County, New York.

6. Upon information and belief, Defendant, TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA (hereinafter referred to as "TRAVELERS"), at all times relevant hereto was and still is a corporation organized and existing under and by virtue of the laws of the State of Connecticut, with its principal corporate office located in Hartford, Connecticut, and duly authorized to transact business in the State of New York.

**BACKGROUND**

7. Heretofore, Defendant, N & G contracted with the Government of the United States of America (General Services Administration) to provide work, labor and services and to furnish materials in furtherance of a project to provide facade restoration and slate roof replacement at the Federal Courthouse & Post Office, located at 271 Cadman Plaza East, Brooklyn, New York ("the Project").

8. On or about July 28, 2009, Defendant, N & G as principal and Defendant, TRAVELERS as surety executed a Payment Bond in the penal sum of fifty-three million dollars to the United States of America, wherein they jointly and severally bound themselves to make payment to all sub-contractors of N & G who furnished labor, materials or both in furtherance of the Project.

9. In November and December, 2009 and thereafter, Plaintiff, OLEK, INC. submitted a proposal to Defendant, N & G to perform certain work, labor and services and to furnish materials in furtherance of the Project, including providing shop drawings, surveys and templates for windows, monitoring and testing, and restoration and replacement of windows, for line item values set forth on a "Schedule G", aggregating a total sub-contract amount of in excess of $4,500,000.00.

10. In or about February, 2010 and thereafter, Defendant, N & G represented that it would retain Plaintiff, OLEK, INC. as a sub-contractor to perform the aforementioned work, labor and services and to furnish materials in furtherance of the Project.

11. During the period from approximately February, 2010 and thereafter, N & G and OLEK, INC. negotiated the terms and provisions of a formal written sub-contract to be executed by both parties.

12. While communications were ongoing, N & G requested that OLEK, INC. proceed with certain of the work, including surveying, preparing shop drawings and fabrication of mock up windows.

13. OLEK, INC. justifiably relied upon N & G's promises that it would enter into a written sub-contract.

14. Despite the foregoing, no formal written sub-contract was ever executed by N & G.

15. On or about April 20, 2010, Defendant, N & G sent an e-mail to OLEK, INC., stating that N & G had reservations about OLEK, INC.'s ability to perform the entire sub-contract; that N & G was willing to enter into a pre-construction partial sub-contract for $90,000.00 immediately; and that if OLEK, INC.'s performance of the pre-construction contract was satisfactory, they would enter into sub-contracts for the entire project.

16. On or about April 21, 2010, OLEK, INC. in an e-mail rejected the proposed $90,000.00 pre-construction sub-contract, and advised N & G that the "Schedule G" costs for a portion of the pre-construction work was $247,000.00.

17. OLEK, INC. continued to perform work, labor and services in furtherance of the Project.

18. On or about May 18, 2010, N & G stated in an e-mail that it was terminating negotiations.

19. At the request of N & G, on or about June 23, 2010, OLEK, INC. returned to the Government of the United States of America, all of the mock up windows in its possession, which had been restored by OLEK, INC.

**FIRST CAUSE OF ACTION**

20. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 19 of this Complaint.

21. Plaintiff, OLEK, INC. provided work, labor and services and furnished materials in the prosecution of the work provided for in the prime contract at the special instance and request of Defendant, N & G.

22. Defendant, N & G has failed and refused to pay OLEK, INC. for the work, labor, services and materials.

23. OLEK, INC. has been damaged in the amount of $333,775.00.

**SECOND CAUSE OF ACTION**

24. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 23 of this Complaint.

25. By requesting that OLEK, INC. perform work, labor and services and furnish materials, Defendant, N & G had a clear expectation that it would be responsible for remitting payment to said Plaintiff for the performance of these services.

26. In performing the services requested by N & G, Plaintiff OLEK, INC. had a good faith expectation that it would receive compensation for said services.

27. Plaintiff, OLEK, INC. is entitled to compensation in an amount not less than $333,775.00 for the value of the services by way of *quantum meruit*.

**THIRD CAUSE OF ACTION**

28. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 27 of this Complaint.

29. Defendant, N & G materially benefitted from the services performed by OLEK, INC. at said Defendant's request.

30. The value of the services rendered by OLEK, INC. at the request of Defendant, N & G is no less than $333,775.00.

31. That the acceptance and retention of the value of said services by N & G without adequately compensating OLEK, INC. is against equity and good conscience.

**WHEREFORE**, Plaintiffs respectfully request the following:

A. That Plaintiff, OLEK, INC. be awarded the sum of $333,775.00 from the Defendants, NICHOLSON & GALLOWAY, INC. and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, jointly and severally, pursuant to the First, Second and Third Causes of Action, together with interest, costs and disbursements, and reasonable attorney's fees; and

B. Such other, further and different relief as may be just, proper and equitable.

Dated: New York, New York
June 2, 2011

Edward D Greenberg

Edward D. Greenberg (EG7774)
Schwartz & Greenberg
Attorneys for Plaintiffs
520 Eighth Avenue
18th Floor
New York, New York 10018

(212) 267-4455