UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA for the use and benefit of OLEK, INC., and OLEK, INC.,

Plaintiffs,

-against-

NICHOLSON & GALLOWAY, INC., and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

Defendants.
-------------------------------------------------------------x

Index No.: CV11-2702 (SJ-CLP)

**ANSWER OF NICHOLSON & GALLOWAY, INC.**

Defendant, Nicholson & Galloway, Inc., ("N&G"), by its attorney, Law Office of Robert J. Miletsky, as and for its Answer to the Complaint, states:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 1, 2, 3 and 4 of the Complaint.

2. Admits the allegations contained in Paragraph 5 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

4. Denies the allegations contained in Paragraph 7 of the Complaint, except admits that Defendant N&G entered into an agreement with the United States to perform certain work and furnish certain materials on the Project known as Façade Restoration and Slate Roof Replacement at the Federal Courthouse and Post Office, located at 271 Cadman Plaza East, Brooklyn, New York ("Project"), and asks leave to refer to the Contract itself for the exact terms and conditions thereof.

5. Denies the allegations contained in Paragraph 8 of the Complaint, except admits that Defendant N&G as principal and Defendant Travelers, as surety, executed a Payment Bond on the Project known as Façade Restoration and Slate Roof Replacement

at the Federal Courthouse and Post Office, located at 271 Cadman Plaza East, Brooklyn, New York and asks leave to refer to the Payment Bond itself for the exact terms and conditions thereof.

6. Denies the allegations contained in Paragraphs 9, 10, 11 and 12 of the Complaint except admits that Defendant N&G and Plaintiff Olek, Inc., entered into negotiations for certain subcontract work and denies that any subcontract was ever formed.

7. Denies the allegations contained in Paragraph 13 of the Complaint.

8. Admits the allegations contained in Paragraph 14 of the Complaint.

9. Denies the allegations contained in Paragraphs 15 and 16 of the Complaint except admits that Defendant N&G and Plaintiff Olek, Inc., exchanged various electronic communications and asks leave to refer to same for the exact terms and conditions thereof.

10. Denies the allegations contained in Paragraph 17 of the Complaint.

11. Denies the allegations contained in Paragraph 18 of the Complaint except admits that Defendant N&G and Plaintiff Olek, Inc., exchanged various electronic communications and asks leave to refer to same for the exact terms and conditions thereof.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

13. In answering the allegations contained in Paragraph 20 of the Complaint, repeat and reallege the answers and denials contained in Paragraphs 1 through 19 hereof as if the same were more fully set forth herein.

14. Denies the allegations contained in Paragraphs 21, 22 and 23 of the Complaint.

15. In answering the allegations contained in Paragraph 24 of the Complaint, repeat and reallege the answers and denials contained in Paragraphs 1 through 23 hereof as if the same were more fully set forth herein.

16. Denies the allegations contained in Paragraphs 25, 26 and 27 of the Complaint.

17. In answering the allegations contained in Paragraph 28 of the Complaint, repeat and reallege the answers and denials contained in Paragraphs 1 through 27 hereof as if the same were more fully set forth herein.

18. Denies the allegations in Paragraphs 29, 30 and 31 of the Complaint.

**As and For A First Separate and Complete Affirmative Defense**

19. The Complaint and all allegations therein, fail to state a claim upon which relief can be granted.

**As and For A Second Separate and Complete Affirmative Defense**

20. Plaintiff's Miller Act claims are barred by the one-year statute of limitations.

**As and For A Third Separate and Complete Affirmative Defense**

21. The claims herein are barred on the basis of the Statute of Frauds, in that any contract alleged by Plaintiff had to be in writing and signed by Defendant Nicholson & Galloway, Inc.

**As and For A Fourth Separate and Complete Affirmative Defense**

22. Plaintiff is estopped from asserting its claims based on its own failure to obtain HUBZONE status and/or provide the submittals which were prerequisite to entering into a subcontract for this Federal project.

**As and For A Fifth Separate and Complete Affirmative Defense**

23. Plaintiff assumed the risk of any labor or materials which it furnished for the project, particularly where, as here, it failed and/or refused to obtain HUBZONE status and/or provide the submittals which were prerequisite to entering into a subcontract for this Federal project.

**As and For A Sixth Separate and Complete Affirmative Defense**

24. Plaintiff is estopped from asserting its claims based on its false and/or fraudulent assurances that it could obtain HUBZONE certification and by its false and/or fraudulent responses to questions on subcontractor responsibility, which it intended that N&G submit to the Federal government.

25. Plaintiff also was not a responsible subcontractor for the Project at issue, since, upon information and belief, the principal of Plaintiff was under criminal investigation by the United States Attorneys office.

**As and For A Seventh Separate and Complete Affirmative Defense**

26. Plaintiff has failed/refused to provide proper invoices for the work which it alleges as the basis of its claims, including without limitation, labor expended, dates, names, hourly rates, and total costs.

**As and For A Eighth Separate and Complete Affirmative Defense**

27. Plaintiff has grossly exaggerated its claims and Miller Act claims.

**As and For A Ninth Separate and Complete Affirmative Defense**

28. Plaintiff is not entitled to recover under any claim based on quantum meruit or unjust enrichment, because neither Defendant was enriched by Plaintiff's

alleged work and, inter alia, because Plaintiff did not act in good faith.

**As and For A Tenth Separate and Complete Affirmative Defense**

29. While venue in the Eastern District may be proper, this matter should be heard in a courthouse other than that sitting in Brooklyn, since the project at issue in the lawsuit involves the Brooklyn Federal Courthouse.

**As and For A First Counterclaim against Defendant Olek, Inc.**

30. At all times hereinafter mentioned, Defendant, Nicholson & Galloway, Inc., ("N&G") was and a corporation organized and existing under and pursuant to the laws of the State of New York, with offices for the transaction of business located at 261 Glen Head Road, Glen Head New York and was and is a citizen of the State of New York.

31. Upon information and belief based on the allegations in the Complaint, at all times hereinafter mentioned, Plaintiff Olek, Inc., was and a corporation organized and existing under and pursuant to the laws of the State of New Jersey, with offices for the transaction of business located in Newark, New Jersey and was and is a citizen of the State of New Jersey.

32. Commencing in approximately October 2009 and running over the course of the following next months, N&G and Olek entered into negotiations to attempt to agree to the terms of a subcontract for certain work to be performed by Olek for N&G on the Project. N&G's position is that a contract or subcontract was never formed. However, during the course of the negotiations Olek made various material statements and representations which were false, and which were relied upon by N&G to N&G's detriment.

33. The material misstatements and misrepresentations made by Olek

concerned, inter alia, the ability of Olek to perform the work, the ability of Olek to obtain Hubzone / 8A status, approval and certification, the ability of Olek to be determined responsible to perform the work, the background and ability of the Olek personnel in charge of and performing the work, and others.

34. As a result of the material misstatements and misrepresentations, N&G has been delayed and damaged on the Project in an amount to be determined but for which Olek is responsible.

WHEREFORE, Defendant Nicholson & Galloway, Inc. demands judgment against Plaintiff dismissing the Complaint, judgment on the counterclaim in an amount to be determined, all together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
August 12, 2011

Law Office of Robert J. Miletsky

By:____________/s/___________________
Robert J. Miletsky (RM4297)
Attorney for Defendant
Nicholson & Galloway, Inc.
53 Legend Circle, Suite 2
White Plains, New York 10603
(914) 946-7000

To: Schwartz & Greenberg
Attorneys for Plaintiffs
520 Eighth Avenue, 18th Floor
New York, New York 10018
(212) 267-4455