UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
OLEK, INC.,

Plaintiff,

Docket No.:11-CV-02702 (WFK-CLP)

-against-

**PROPOSED AMENDED COMPLAINT**

NICHOLSON & GALLOWAY, INC.,

Defendant.
----------------------------------------x

Plaintiff, OLEK, INC., by its attorneys, Schwartz & Greenberg, as and for its Complaint against the Defendant, Nicholson & Galloway, Inc., respectfully alleges the following:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred on this Court by Title 28, United States Code section 1332 in that the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different States.

2. Venue is proper in this District in that Defendant resides within the District, and that a substantial part of the contract was to be performed and executed within this District.

**THE PARTIES**

3. Plaintiff, OLEK, INC. at all times relevant hereto, was and still is a corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal

corporate office located in Newark, New Jersey. Said Plaintiff sometimes transacts business under the trade name OLEK LEJBZON & CO.

4. Upon information and belief, Defendant, NICHOLSON & GALLOWAY, INC. (hereinafter referred to as "N&G"), at all times relevant hereto was and still is a corporation organized and existing under and by virtue of the laws of the State of New York, with its principal corporate office located in Glen Head, Nassau County, New York.

**BACKGROUND**

5. Heretofore, Defendant, N&G contracted with the Government of the United States of America (General Services Administration) to provide work, labor and services and to furnish materials in furtherance of a project to provide Facade Restoration and Slate Roof Replacement at the Federal Courthouse & Post Office, located at 271 Cadman Plaza East, Brooklyn, New York ("the Project").

6. In November and December, 2009, Plaintiff, OLEK, INC. submitted a written bid proposal to Defendant, N&G to perform certain work, labor and services and to furnish materials in furtherance of the Project, including providing shop drawings, surveys and templates for windows, monitoring and testing, and restoration and replacement of windows, for the aggregate amount of $4,520,000.00.

7. In or about December, 2009 and thereafter, Defendant, N&G represented that it would retain Plaintiff, OLEK, INC. as the window sub-contractor to perform the aforementioned work, labor and services and to furnish materials in furtherance of the Project.

8. During the period from approximately January, 2010 and thereafter, N&G and OLEK, INC. negotiated the terms and provisions of a formal written sub-contract, including specific line item values to be set forth in a document entitled "Schedule "G", to be executed by both parties.

9. While communications were ongoing, N&G continually requested that OLEK, INC. proceed with certain of the work, including surveying, furnishing of "submittals", preparing shop drawings, and fabrication and restoration for mock up windows.

10. OLEK, INC. justifiably relied upon N&G's promises that it would enter into a written sub-contract.

11. Despite the foregoing, no formal written sub-contract was ever executed by N&G.

12. On or about April 20, 2010, Defendant, N&G sent an e-mail to OLEK, INC., stating that N&G had reservations about OLEK, INC.'s ability to perform the entire sub-contract; that N&G was willing to enter into a pre-construction partial sub-contract for $90,000.00 immediately; and that if OLEK, INC.'s

performance of the pre-construction contract was satisfactory, they would enter into sub-contracts for the entire project.

13. On or about April 21, 2010, OLEK, INC. in an e-mail rejected the proposed $90,000.00 pre-construction sub-contract, and advised N&G that the "Schedule G" costs for a portion of the pre-construction work was $247,000.00.

14. On or about April 29, 2010, Defendant, N&G sent an e-mail to OLEK, INC., stating that N&G was willing to enter into a pre-construction partial sub-contract for $169,000.00 immediately.

15. The parties did not enter into the aforementioned partial sub-contract.

16. OLEK, INC. continued to perform work, labor and services in furtherance of the Project.

17. On or about May 18, 2010, N&G stated in an e-mail that it was officially ending all negotiations between N&G and OLEK, INC.

18. At the request of N&G, on or about June 23, 2010, OLEK, INC. returned to the Government of the United States of America, all of the mock up windows in its possession, which had already been restored by OLEK, INC.

**FIRST CAUSE OF ACTION**

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18 of this Complaint.

20. Plaintiff, OLEK, INC. provided work, labor and services and furnished materials in the prosecution of the work provided for in the prime contract at the special instance and request of Defendant, N&G.

21. Defendant, N&G has failed and refused to pay anything to OLEK, INC. for the work, labor, services and materials.

22. Plaintiff, OLEK, INC., has been damaged in the approximate amount of $709,159.00.

**SECOND CAUSE OF ACTION**

23. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint.

24. By requesting that OLEK, INC. perform work, labor and services and furnish materials, and by accepting the same, Defendant, N&G had a clear expectation that it would be responsible for remitting payment to said Plaintiff for the performance of these services.

25. In performing the services requested by N&G, Plaintiff OLEK, INC. had a good faith reasonable expectation that it would receive compensation for said services.

26. Plaintiff, OLEK, INC. is entitled to compensation in the approximate amount of $709,159.00 for the reasonable value of the services by way of *quantum meruit*.

**THIRD CAUSE OF ACTION**

27. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 26 of this Complaint.

28. Defendant, N&G materially benefitted from the services performed by OLEK, INC. at said Defendant's request.

29. The value of the services rendered by OLEK, INC. at the request of Defendant, N&G is approximately $709,159.00.

30. That the acceptance and retention of the value of said services by N&G without adequately compensating OLEK, INC. is against equity and good conscience.

**WHEREFORE**, Plaintiff respectfully requests the judgment and decree of this Court awarding Plaintiff, OLEK, INC. the sum of $709,159.00 from the Defendant, NICHOLSON & GALLOWAY, INC., pursuant to the First, Second and Third Causes of Action, together with interest, costs and disbursements, and reasonable attorney's fees and such other, further and different relief as may be just, proper and equitable.

Dated: New York, New York
August 21, 2015

Edward D. Greenberg (EG7774)
Schwartz & Greenberg
Attorneys for Plaintiff
212 West 35th Street, 13th Floor
New York, New York 10001

(212) 267-4455
e-mail: edglaw@yahoo.com