UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

OLEK, INC.,

Plaintiff,

-against-

NICHOLSON & GALLOWAY, INC.,

Defendant.
--------------------------------------x

Docket No.: CV 11-2702 (WFK-CLP)

**PLAINTIFF'S ANSWER TO AMENDED COUNTERCLAIMS**

Plaintiff, OLEK, INC. (hereinafter referred to as "OLEK"), by its attorneys, Schwartz & Greenberg, as and for its Answer to the alleged Amended Counterclaims of the Defendant, NICHOLSON & GALLOWAY, INC. (hereinafter referred to as "N&G"), respectfully sets forth the following:

**ANSWERING THE ALLEGED COUNTERCLAIMS**

**FIRST:** Upon information and belief, admits the allegations contained in the paragraph of the Amended Answer therein designated "30".

**SECOND:** Admits the allegations contained in the paragraph of the Amended Answer therein designated "31".

**THIRD:** Admits so much of the allegations contained in the paragraph of the Amended Answer therein designated "32" as alleges

in substance that Peter Triestman was and is an individual residing in the State of New Jersey and was and is a principal and owner of Plaintiff, OLEK; otherwise denies the allegations contained in the said paragraph.

**FOURTH**: Upon information and belief, denies the allegations contained in the paragraph of the Amended Answer therein designated "33".

**FIFTH**: Upon information and belief, admits the allegations contained in the paragraphs of the Amended Answer therein designated "34" and "35".

**SIXTH**: Upon information and belief, admits so much of the allegations contained in the paragraph of the Amended Answer therein designated "36" as alleges in substance that from approximately October, 2009 until approximately March, 2010, the parties negotiated and agreed upon the material terms of a subcontract for the removal, restoration and reinstallation of the windows at the site to be performed by OLEK for N&G on the Project; otherwise denies the allegations contained in the said paragraph.

**SEVENTH**: Denies the allegations contained in the paragraphs of the Amended Answer therein designated "37 and "39".

**EIGHTH**: Admits so much of the allegations contained in the paragraphs of the Amended Answer therein designated "38", "40" and

"41" as allege in substance that Plaintiff, OLEK, made certain statements concerning its background, experience, qualifications and ability to perform the work on the Project, including a Qualifications Questionnaire, all of which statements were true; otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the said paragraphs contained.

**NINTH**: Admits so much of the allegations contained in the paragraphs of the Amended Answer therein designated "42", "43", "44" "45" and "46" as allege in substance that Plaintiff, OLEK, sent the November 23, 2009 letter ("Revised Bid") to N&G, which contained, *inter alia*, the language referred to in paragraph "46", but for the contents of that letter, Plaintiff begs leave to refer to the entire document, and respectfully refers all questions of law and fact to the Court; otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the said paragraphs contained.

**TENTH**: Admits so much of the allegations contained in the paragraphs of the Amended Answer therein designated "47", "48", "49" and "54" as allege in substance that Peter Triestman, President of Plaintiff OLEK, sent the December 18, 2009 e-mail to Andre Krakowian which contained, *inter alia*, the language referred to in paragraph

"48", but for the contents of that e-mail, Plaintiff begs leave to refer to the entire document, and respectfully refers all questions of law and fact to the Court; otherwise denies the allegations contained in said paragraphs, and specifically denies Defendant's allegations that OLEK did not have the background, experience, qualifications and ability to perform the work required, and further specifically denies Defendant's allegations that OLEK wanted to create papers that misled N&G, the Project architect, construction manager and the GSA into believing that OLEK had such experience, in order for OLEK to be approved for the work.

**ELEVENTH**: Admits so much of the allegations contained in the paragraphs of the Amended Answer therein designated "50", "51" and "52" as allege in substance that Peter Triestman, President of Plaintiff OLEK, signed and certified the 65 page Qualifications Questionnaire which contained, *inter alia*, the language referred to in paragraph "52", but for the contents of that document, Plaintiff begs leave to refer to the entire document, and respectfully refers all questions of law and fact to the Court; otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the said paragraphs contained.

**TWELFTH**: Denies the allegations contained in the paragraphs of the Amended Answer therein designated "53", "55", "56" and "59".

**THIRTEENTH**: Upon information and belief, admits the allegations contained in the paragraph of the Amended Answer therein designated "57".

**FOURTEENTH**: Admits so much of the allegations contained in the paragraph of the Amended Answer therein designated "58", as alleges in substance that on or about January 5, 2010, OLEK and N&G were advised in an e-mail sent by the architect, Goody Clancy, that OLEK's qualifications were approved, but for the contents of that e-mail, Plaintiff begs leave to refer to the entire document, and respectfully refers all questions of law and fact to the Court; otherwise denies the allegations contained in said paragraph, and specifically denies Defendant's allegations that OLEK had misrepresented its background, qualifications and experience.

**FIFTEENTH**: Admits the allegations contained in the paragraph of the Amended Answer therein designated "60", to the effect that on or about April 20, 2010, Defendant, N&G sent an e-mail to OLEK, stating that N&G allegedly had reservations about OLEK's ability to perform the entire subcontract; which e-mail further stated that N&G was willing to enter into a pre-construction partial subcontract for $90,000.00 immediately; and that if OLEK's performance of the

pre-construction contract was satisfactory, they would enter into subcontracts for the entire Project, but for the contents of that document, Plaintiff begs leave to refer to the entire document, and respectfully refers all questions of law and fact to the Court.

**SIXTEENTH:** Denies the allegations contained in the paragraphs of the Amended Answer therein designated "61" and "62".

**SEVENTEENTH:** Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Amended Answer therein designated "63", "64" and "65", except admits that on various occasions, Andrew Wilson, an officer of N&G, represented that its Subcontractor Utilization Plan with the GSA required that N&G hire a window subcontractor with HubZone certification, but that after N&G determined to enter into a subcontract with Femenella & Associates, N&G somehow got the GSA to change the Subcontractor Utilization Plan to permit N&G to hire a Veteran Owned Business.

**EIGHTEENTH:** Admits so much of the allegations contained in the paragraphs of the Amended Answer therein designated "66", "67" and "72" as allege in substance that during the purported "negotiations" for the subcontract, N&G stated that it wanted its window subcontractor to be HubZone certified; that OLEK applied to the SBA for HubZone approval; that N&G inquired as to the status of OLEK's

application with the SBA for HubZone status, and that OLEK repeatedly advised N&G of the status; otherwise denies the allegations contained in said paragraphs.

**NINETEENTH:** Admits so much of the allegations contained in the paragraphs of the Amended Answer therein designated "68", "69" and "70" as allege in substance that on or about October 30, 2009, Peter Triestman, President of OLEK, and Andrew Wilson, an officer of N&G met near the New York Public Library, at which meeting they discussed the scope of the window restoration work and that N&G wanted OLEK to hire a particular company ("Nexgen"), the owner of which had a relationship with an officer of N&G, as a sub-subcontractor to do the site installation of windows and salvage; otherwise denies the allegations contained in said paragraphs.

**TWENTIETH:** Admits so much of the allegations contained in the paragraph of the Amended Answer therein designated "71" as alleges in substance that N&G sent various drafts of proposed subcontracts to OLEK by e-mail, but for the contents of said documents, Plaintiff begs leave to refer to the documents; otherwise denies the allegations contained in said paragraph.

**TWENTY-FIRST:** Admits the allegations contained in the paragraph of the Amended Answer therein designated "73", but for the contents of said e-mails, Plaintiff begs leave to refer to the entire

documents, and respectfully refers all questions of law and fact to the Court.

**TWENTY-SECOND**: Admits the allegations contained in the paragraph of the Amended Answer therein designated "74", but for the contents of said e-mails, Plaintiff begs leave to refer to the entire documents, and respectfully refers all questions of law and fact to the Court.

**TWENTY-THIRD**: Admits the allegations contained in the paragraphs of the Amended Answer therein designated "75","76" and "77" to the effect that the e-mails referred to in said paragraphs were sent, and that the e-mail sent by Peter Triestman on March 26, 2010 stated, *inter alia,* that HubZone could take quite a while; initial indications were one month, but after everything was filled out, the SBA told him that it could be six months; and that Andrew Wilson of N&G responded in an e-mail stating that they could not sign a contract until OLEK had HubZone, and that they might have to operate on a letter of intent; but for the contents of said e-mails, Plaintiff begs leave to refer to the entire documents, and respectfully refers all questions of law and fact to the Court; otherwise denies the allegations contained in said paragraphs.

**TWENTY-FOURTH**: Admits the allegations contained in the paragraph of the Amended Answer therein designated "78" to the effect that the e-mails referred to in said paragraph were sent, but for the contents of said e-mails, Plaintiff begs leave to refer to the entire documents, and respectfully refers all questions of law and fact to the Court.

**TWENTY-FIFTH**: Admits the allegations contained in the paragraphs of the Amended Answer therein designated "79" and "80", to the effect that the e-mails referred to therein were sent; that the language referred to in paragraph "80" is out of context and incomplete; but for the contents of said e-mails, Plaintiff begs leave to refer to the entire documents, and respectfully refers all questions of law and fact to the Court.

**TWENTY-SIXTH**: Admits so much of the allegations contained in the paragraph of the Amended Answer therein designated "81" as alleges in substance that OLEK obtained HubZone certification in or about September 2012, which was almost three years after N&G approved OLEK as the window subcontractor, and more than two years after N&G wrongfully purported to "end negotiations" with OLEK; otherwise denies the allegations contained in said paragraph.

**TWENTY-SEVENTH:** Denies the allegations contained in the paragraph of the Amended Complaint therein designated "82".

**TWENTY-EIGHTH:** Admits so much of the allegations contained in the paragraph of the Amended Answer therein designated "83" as alleges in substance that after OLEK submitted a requisition requesting payment by N&G for work which had been performed by OLEK at N&G's request, N&G sent an e-mail on May 18, 2010 purporting to end all "negotiations", for reasons which were fallacious, self-serving and irrelevant; but for the contents of said e-mail, Plaintiff begs leave to refer to the entire document, and respectfully refers all questions of law and fact to the Court; otherwise denies the allegations contained in said paragraph.

**ANSWERING THE ALLEGED FIRST COUNTERCLAIM**

**TWENTY-NINTH:** Answering the paragraph of the Amended Answer therein designated "84", Plaintiff repeats, reiterates and realleges each and every allegation, admission and/or denial set forth in paragraphs FIRST through TWENTY-EIGHTH inclusive of this Answer to Amended Counterclaims.

**THIRTIETH:** Denies the allegations contained in the paragraphs of the Amended Answer therein designated "85" and "86".

**ANSWERING THE ALLEGED SECOND COUNTERCLAIM**

**THIRTY-FIRST**: Answering the paragraph of the Amended Answer therein designated "87", Plaintiff repeats, reiterates and realleges each and every allegation, admission and/or denial set forth in paragraphs FIRST through THIRTIETH inclusive of this Answer to Amended Counterclaims.

**THIRTY-SECOND**: Denies the allegations contained in the paragraphs of the Amended Answer therein designated "88" through "100" inclusive.

**ANSWERING THE ALLEGED THIRD COUNTERCLAIM**

**THIRTY-THIRD**: Answering the paragraph of the Amended Answer therein designated "101", Plaintiff repeats, reiterates and realleges each and every allegation, admission and/or denial set forth in paragraphs FIRST through THIRTY-SECOND inclusive of this Answer to Amended Counterclaims.

**THIRTY-FOURTH**: Denies the allegations contained in the paragraphs of the Amended Answer therein designated "102" and "103".

**ANSWERING THE ALLEGED FOURTH COUNTERCLAIM**

**THIRTY-FIFTH**: Answering the paragraph of the Amended Answer therein designated "104", Plaintiff repeats, reiterates and realleges each

and every allegation, admission and/or denial set forth in paragraphs FIRST through THIRTY-FOURTH inclusive of this Answer to Amended Counterclaims.

**THIRTY-SIXTH:** Denies the allegations contained in the paragraphs of the Amended Answer therein designated "105" and "106".

**FIRST AFFIRMATIVE DEFENSE**

**THIRTY-SEVENTH:** The alleged counterclaims fail to state a claim upon which relief can be granted, and are insufficient as a matter of law.

**SECOND AFFIRMATIVE DEFENSE**

**THIRTY-EIGHTH** The alleged counterclaims are barred by the doctrines of Waiver and Estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**THIRTY-NINTH:** The alleged counterclaims may not be maintained by virtue of Defendant's unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**FORTIETH:** Defendant is indebted to Plaintiff for the amount of approximately $709,159.00 plus interest as demanded in the Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**FORTY-FIRST:** The Qualifications Questionnaire submitted by OLEK contained a detailed description of OLEK's facilities, equipment, and a description of OLEK's proposed work on the Project; details

of examples of previously completed projects, together with photographs thereof; and resumes of OLEK's employees who were going to work on the Project.

**FORTY-SECOND**: N&G had recourse to precise details of the six projects listed in the Qualifications Questionnaire. None of the project descriptions indicated that OLEK had restored and replaced 1,116 windows in any particular project.

The description of a project referred to as NYC TRANSIT-MTA set forth that over 300 wood windows with 300 molded panels had been restored and reinstalled by OLEK in an 8-week period. This would be the equivalent of restoring and reinstalling 1,116 windows in less than 8 months. This required greater manufacturing capacity per month than the Project under consideration (which had a duration of 3 years).

**SIXTH AFFIRMATIVE DEFENSE**

**FORTY-THIRD:** Throughout the period from January, 2010 until June, 2010, N&G repeatedly requested that OLEK perform work, labor and services in furtherance of the Project even though N&G was aware at all times that OLEK did not have HubZone certification.

**FORTY-FORTH**: That N&G repeatedly assured OLEK that it would pay for the work, labor and services rendered.

**SEVENTH AFFIRMATIVE DEFENSE**

**FORTY-FIFTH:** The alleged Second Counterclaim purportedly based upon a violation of 18 USC § 1962 is barred by the Statute of Limitations.

**WHEREFORE**, Plaintiff, OLEK, INC. respectfully requests the judgment of this Court dismissing the Counterclaims alleged in Defendant's Answer to the Amended Complaint, and that Plaintiff be awarded judgment as requested in the Amended Complaint, together with the costs and disbursements of this action, and reasonable attorney's fees, and such other, further and different relief as the Court may deem to be just, proper and equitable.

Dated: January 5, 2016

Edward D. Greenberg
Schwartz & Greenberg
Attorneys for Plaintiff
212 West 35th Street
13th Floor
New York, New York 10001

(212) 267-4455

e-mail: edglaw@yahoo.com

To: Robert J. Miletsky, Esq.
Law Office of Robert J. Miletsky
Attorney for Defendant
53 Legend Circle, Suite 2
White Plains, New York 10503
(914) 946-7000